IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEBRHATO TSEHAI,

    Petitioner,               No. CIV S-06-1521 GEB DAD P

    vs.

TERESA A. SCHWARTZ,

    Respondent.          ORDER

_____/

        Petitioner, a former California state prisoner proceeding pro se[1], has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2005 rule violation charging him with being "Out of Bounds" for his disruptive behavior towards counselor Piazza. (Compl. at CM/ECF 17.[2]) Petitioner was found guilty of the violation which

---

[1] Petitioner filed a change of address on September 5, 2006 indicating that he has been placed on parole and is now residing in Eloy, Arizona.

[2] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties. For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system. Each page of the electronic filing is numbered chronologically, whether or not, it was numbered by the party. If the filing is lengthy, the document is divided into parts and the first page begins with the page number one and the following page numbers continue in chronological order. When the undersigned refers to a page number for a pleading or document filed with this court, the court is using the CM/ECF page number, which may not coincide with the page number used by the parties.

1  resulted in the loss of yard activities for one month, and "5 days of CTQ[3] effective 3-5-05
2  through 3-10-05[.]"  (Id. at CM/ECF 18.)  It does not appear from the petition that the rule
3  violation resulted in petitioner losing any time credits.  Petitioner is advised that a habeas action
4  requires that petitioner demonstrate that he suffered some collateral consequence as a result of
5  the disciplinary action.  See Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003) (holding that
6  there is no presumption of collateral consequences for prison disciplinary proceedings).
7  Therefore, the court will dismiss the habeas petition and grant petitioner leave to file an amended
8  petition in which he sets forth allegations clarifying how the disciplinary action has affected the
9  duration of his sentence and how his constitutional rights have been violated.

10         In addition, petitioner has not filed an in forma pauperis affidavit or paid the
11  required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be provided the
12  opportunity to either submit the appropriate affidavit in support of a request to proceed in forma
13  pauperis or submit the appropriate filing fee.

14         In accordance with the above, IT IS HEREBY ORDERED that:

15         1. Petitioner's petition for a writ of habeas corpus, filed on July 10, 2006, is
16  dismissed without prejudice;

17         2. Within thirty days from the service of this order, petitioner shall file an
18  amended petition that complies with the requirements of the Federal Rules of Civil Procedure;
19  petitioner must use the form petition provided by the court; the amended petition must bear the
20  docket number assigned this case and must be labeled "Amended Petition;" and petitioner must
21  file an original and one copy of the amended petition;

22         3. Petitioner shall submit, within thirty days from the service of this order, an
23  affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;
24  /////

---

[3]  Petitioner has not explained what these initials are meant to indicate.

4. Petitioner's failure to comply with this order will result in the dismissal of this action; and

5. The Clerk of the Court is directed to send petitioner a form petition for a writ of habeas corpus and a copy of the in forma pauperis form used by this district.

DATED: September 15, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
tseh1521.101a