IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEBRHATO TSEHAI,

    Petitioner,                   No. CIV S-06-1521 GEB DAD P

    vs.

THERESA A. SCHWARTZ,         ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a former California state prisoner and is currently residing in Arizona. Before the court is petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and his application for leave to proceed in forma pauperis. Petitioner challenges a 2005 rule violation which was issued while petitioner was incarcerated at the California Medical Facility.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        In his amended petition, petitioner contends that he was issued a rule violation on February 18, 2005, charging him with stalking the appeals coordinator at the institution where he was incarcerated. Petitioner claims that his due process rights were violated because the

1

investigative employee failed to interview staff witnesses with respect to the disciplinary charge. Petitioner also contends that the rule violation report does not support the stalking charge and that he should not have been found guilty of the rule violation. Upon being found guilty of the disciplinary charge, petitioner was assessed a time credit forfeiture of 121 days which petitioner contends resulted in delaying his release on parole. On September 1, 2006, petitioner notified the court that he has been released on parole and that he has moved to Eloy, Arizona.

> A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Spencer v. Kernna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir.) cert. denied, 534 U.S. 878, 122 S. Ct. 178, 151 L. Ed. 2d 123 (2001). "A habeas petition challenging the underlying conviction is never moot simply because, subsequent to its filing, the petition has been released from custody." Chacon [v. Wood], 36 F.3d [1459] at 1463. Some collateral consequence of the conviction must exist, however, in order for the suit to be maintained. Spencer, 523 U.S. at 7, 118 S. Ct. 978.

Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). Where a prison disciplinary proceeding is being challenged by way of habeas petition, the prisoner is not entitled to any presumption of collateral consequences. Id. at 481; Funtanilla v. Adams, No. 04CV063120 OWW TAG HC, 2006 WL 768632 * 3 (E.D. Cal. Mar. 24, 2006). Here, petitioner has been released from custody and there are no allegations in his petition suggesting that petitioner has suffered any collateral consequences as a result of being found guilty of the prison disciplinary charge. In his petition, petitioner argued only that the rule violation was causing a delay in his release on parole. Since petitioner has now been released on parole, he no longer has a personal stake in the outcome of this habeas action.

Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis is granted.

/////

1  Also, IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

2  These findings and recommendations are submitted to the United States District
3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
4  days after being served with these findings and recommendations, petitioner may file written
5  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
6  Findings and Recommendations."  Petitioner is advised that failure to file objections within the
7  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
8  F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tseh1521.156